# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES WRIGHT**                                                         **PLAINTIFF**

**v.**                      **Case No: 4:21-cv-00623 JM**

**ESTELLA BLAND**                                             **DEFENDANT**

## **ORDER**

Plaintiff James Wright filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 12, 2021 (Doc. No. 2). In its initial order to Wright, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address; the Court also notified Wright that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. *See* Doc. No. 3.

On August 4, 2022, Wright filed a motion; the envelope containing the motion had a different address than his address of record. *See* Doc. No. 19. The Court entered a text order on August 11, 2022, directing Wright to provide notice of his current mailing address by no later than thirty days from the entry of the August 11 text order (Doc. No. 20). He was warned that his failure to provide a current mailing address may cause his complaint to be dismissed. A printed version of the text order was sent to him at his address of record and the address provided on the envelope containing his most recent motion. Wright has not complied with or otherwise responded to the August 11 order.

On September 15, 2022, defendant Estella Bland filed a motion for summary judgment, brief-in-support, and statement of facts (Doc. Nos. 22-24). On September 16, 2022, the Court

entered an order allowing Wright 14 days to file a response to that motion (Doc. No. 25). The Court also directed that its order as well as Bland's motion for summary judgment and related pleadings be sent to Wright at the additional address he listed on his August 4 motion. He has not filed a response.

Because Wright did not timely update his address in response to the Court's August 11 order, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore ordered that Wright's complaint is dismissed without prejudice, and Bland's pending motion for summary judgment (Doc. No. 22) is denied as moot.

IT IS SO ORDERED this 12th day of October, 2022.

_____
James M. Moody Jr.
United States District Judge